LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. C.D. Burse received a mailout from Harrah’s Vicksburg Casino inviting him to participate in a promotion called “Knockout for Cash” to be held on September 28, 2002. Patrons of the casino received these mailouts by virtue of holding Total Rewards gaming cards. Prior to September 28, 2002, Burse received another mailout from Harrah’s indicating that no one had won the drawing and the September jackpot would be increased and held in October. Burse attended two drawings at the casino, for which there were no “big winners.”
¶ 2. Burse then lodged a complaint with the Mississippi Gaming Commission (MGC) concerning Harrah’s promotion alleging that the drawings were a scam and the games were fixed so no one could win. The MGC conducted an investigation and, on October 26, 2002, issued a letter to Burse. In the letter, the MGC stated that all documentation regarding “the drawings are in accordance with the Mississippi Gaming Commission rules and regulations.” The MGC also added that Har-rah’s agreed to change the wording in its promotional mailout regarding the “Knockout for Cash” drawing.
¶ 3. On March 12, 2003, in the Warren County Circuit Court, Burse filed an amended complaint against Harrah’s in which he alleged negligent misrepresentation. Harrah’s subsequently filed a motion *1016 to dismiss or, in the alternative, for summary judgment. After a hearing on the motion, the trial court found that “Burse failed to exhaust his administrative remedies as required by the Mississippi Gaming Control Act (Miss.Code Ann. § 75-76-1 to 313 (Rev.2000)) prior to seeking relief in this Court, and therefore the Court lacks jurisdiction over this action as a matter of law.” The trial court then dismissed the action with prejudice, so ordered on February 25, 2004.
¶4. Burse now appeals to this Court asserting the following issues: (1) the trial court erred in dismissing his lawsuit; (2) the trial court erred in concluding that his failure to appeal the MGC’s decision required the dismissal of his suit filed in the Warren County Circuit Court; and (3) he was denied due process under the Fourteenth Amendment to the United States Constitution and under Article 3, Section 14 of the Mississippi Constitution. Finding no error, we affirm.
DISCUSSION
I. DID THE TRIAL COURT ERR IN DISMISSING BURSE’S LAWSUIT?
II. DID THE TRIAL COURT ERR IN CONCLUDING THAT BURSE’S FAILURE TO APPEAL THE MGC’S DECISION REQUIRED THE DISMISSAL OF HIS SUIT FILED IN THE WARREN COUNTY CIRCUIT COURT?
¶ 5. Burse’s first two issues are, in fact, the same and we will address them together. Burse argues that the trial court erred in dismissing his case. As jurisdiction and statutory interpretation are matters of law, we therefore afford them de novo review. Grand Casino Tunica v. Shindler, 772 So.2d 1036 (¶ 8) (Miss.2000). According to Mississippi Code Annotated Section 75-76-159(1) (Rev.2000), once a claim is filed with the MGC, the executive director conducts an investigation at his discretion. The executive director then has thirty days to resolve the claim. Miss.Code Ann. § 75-76-159(2) (Rev.2000). Once the claimant has received written notice of the executive director’s decision, the claimant has twenty days to file a petition with the MGC requesting a hearing to reconsider the decision. Miss.Code Ann. § 75-76-161(1) (Rev.2000). The Act further states that if the claimant fails to file a petition for reconsideration, “the decision shall be deemed final action on the matter and is not subject to reconsideration by the executive director or review by the commission or to review by any court.” Miss.Code Ann. § 75-76-161(3) (Rev.2000).
¶ 6. Burse failed to file a petition with the MGC requesting a hearing to reconsider the executive director’s decision. Thus, he failed to exhaust his administrative remedies under the Mississippi Gaming Act before filing his suit in the Warren County Circuit Court. As Burse first sought recourse with the MGC, he became subject to the dictates of the Mississippi Gaming Act. In Cook v. Mardi Gras Casino Corp., 697 So.2d 378, 381 (Miss.1997), a casino patron filed a complaint in circuit court before exhausting his administrative remedies with the MGC. The supreme court found that the dismissal by the trial court was proper as the claimant did not seek a review of the executive director’s decision within twenty days as required by the statute. We find the same. This issue is without merit.
III.WAS BURSE DENIED DUE PROCESS?
¶ 7. In his third issue, Burse argues that he was denied his due process rights under the Fourteenth Amendment to the United States Constitution and under Article 3, Section 14 of the Mississippi Consti *1017 tution. Specifically, Burse claims that he should have been provided notice and opportunity to be heard as well as provided appeal rights in this case. As Burse’s right to petition the MGC for a hearing is explicitly provided for in Mississippi Code Annotated Section 75-76-161(1) (Rev. 2000), we are not persuaded by his argument. We cannot find that Burse’s due process rights were violated.
¶ 8. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ„ CONCUR. GRIFFIS, J., NOT PARTICIPATING.